# EXHIBIT 1

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

January 21 2026 11:01 AM

PIERCE COUNTY CLERK
NO: 26-2-05533-1

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR PIERCE COUNTY

| | |
|---|---|
| KIMBERLY NOBLE, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>BEIS, LLC,<br><br>        Defendant. | NO.<br><br>CLASS ACTION COMPLAINT FOR VIOLATION OF THE CONSUMER PROTECTION ACT, RCW 19.86, AND THE COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190 |

Plaintiff Kimberly Noble, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant BEIS, LLC ("Defendant" or "BEIS") and makes the following allegations based upon information and belief, except as to allegations specifically pertaining to Plaintiff, which are based on personal knowledge.

## I. NATURE OF THE ACTION

1.      This is a case concerning false and misleading email marketing sent from BEIS to Plaintiff and the class members.

2.      Defendant sends emails containing false or misleading information in the subject lines to Washington consumers. This case focuses on a recent email sent by BEIS to consumers in Washington that contains a false subject line that states "Action required: Fraud Alert." This email was sent on or around December 1, 2025. The subject line of this email falsely claims that action is required because fraud alert has been triggered on a consumers email account or

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

BEIS account. However, there was no fraud alert. The body of the email contains text saying "SALE EXTENDED" and "The fraud is us…sale now extended."

3.     Defendant used this false "Fraud alert" email to alert consumers and entice them to click on the email just to see that a sale has been extended. This kind of false subject line is the exact kind of email the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190, was meant to prevent.

4.     Defendant's false "Fraud alert" email violates CEMA and the Washington Consumer Protection Act, RCW 19.86.

5.     By sending emails with false subject lines to Plaintiff and the Class (defined below), BEIS clogs consumers' email inboxes with false information, seduces Plaintiff and the Class into opening emails based on false pretenses, undermines Plaintiff's and Class members' faith in legitimate email advertising, and violates Plaintiff's and Class members' right to be free from commercial emails with deceptive subject lines.

6.     Accordingly, Plaintiff brings this civil action to put an end to Defendant's illegal conduct. Through this class action lawsuit, Plaintiff seeks monetary damages, and statutory and exemplary damages for each illegal email, and an award of attorneys' fees and costs.

## II. PARTIES

7.     Plaintiff Kimberly Noble is a citizen and resident of Washington State, residing in Pierce County, Washington.

8.     Defendant BEIS, LLC is a Delaware limited liability company that is headquartered in California. BEIS sole member is listed as Paul James Brice, a resident of California. Defendant currently is, and at all relevant times in the past has, engaged in substantial business activities in the State of Washington and Pierce County.

9.     Defendant BEIS owns and operates a large online marketplace open to consumers in the state of Washington and in Pierce County, and sends the marketing emails at issue in this Complaint to consumers throughout Washington.

CLASS ACTION COMPLAINT FOR VIOLATION OF THE
CONSUMER PROTECTION ACT, RCW 19.86, AND THE
COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190 - 2

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

### III. JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction over this civil action pursuant to, without limitation, Section 6 of Article IV of the Washington State Constitution (Superior Court jurisdiction, generally), RCW 19.86.090 (Superior Court jurisdiction over Consumer Protection Act claims) and RCW 19.190.090 (Superior Court jurisdiction over Commercial Electronic Mail Act claims).

11.      This Court has personal jurisdiction over Defendant under RCW 4.28.185. This court may exercise personal jurisdiction over the out-of-state BEIS, LLC because the claims alleged in this civil action arose from, without limitation, BEIS purposeful transmission of electronic mail messages to consumers within the State of Washington. In addition, BEIS intended, knew, or is chargeable with the knowledge that its out-of-state actions would have a consequence within Washington.

12.      This Court also has personal jurisdiction over Defendant under RCW 19.86.160. For example, Defendant engaged and is continuing to engage in conduct in violation of RCW 19.86 which has had and continues to have an impact in Washington.

13.      Venue is proper in this County because, at all relevant times, Plaintiff has resided in Pierce, Washington and received the alleged false and misleading email while residing in this County. RCW 4.12.020. Venue is also proper because Defendant has transacted business in Pierce County, including without limitation by sending the marketing emails alleged herein to residents of Pierce County, conducted substantial online retail sales and business with residents in Pierce County, and shipped luggage or other consumer goods to residents in Pierce County. RCW 4.12.025.

### IV. LEGAL FRAMEWORK

14.      Washington's Commercial Electronic Mail Act ("CEMA") regulates deceptive email marketing.

15.      CEMA prohibits sending an email advertisement to a Washington resident that "[c]ontains false or misleading information in the subject line." RCW 19.190.020(1)(b). A

CLASS ACTION COMPLAINT FOR VIOLATION OF THE
CONSUMER PROTECTION ACT, RCW 19.86, AND THE
COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190 - 3

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  violation of this prohibition is an unfair or deceptive act that occurs in trade or commerce and

2  violates the public interest under the Consumer Protection Act. RCW 19.190.030(3).

3      16.    "CEMA's prohibition on sending commercial e-mails with false or misleading

4  subject lines . . . creates a substantial right to be free from deceptive commercial e-mails."

5  *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1011 (W.D. Wash. 2019) (holding that the

6  plaintiff sufficiently pleaded concrete injury-in-fact for alleged CEMA violations based on her

7  receipt of marketing emails from the defendant containing allegedly false "xx% off" statements

8  in the subject line). Washington courts have held that "[t]he harms resulting from deceptive

9  commercial e-mails resemble the type of harms remedied by nuisance of fraud actions." *Id.* at

10 1008.

11      17.    An injury occurs anytime a commercial e-mail is transmitted that contains false

12 or misleading information in the subject line. *Id.* at 1011.

13      18.    Under CEMA, it is irrelevant whether misleading commercial e-mails were

14 solicited. *Id.*

15      19.    CEMA creates a private right of action for injunctive relief for people who

16 receive commercial emails with subject lines containing false or misleading information. RCW

17 19.190.090(1). A plaintiff who successfully alleges and proves such a violation may obtain,

18 among other things, an injunction against the person who initiated the transmission. RCW

19 19.190.090(1). *Wright v. Lyft, Inc.*, 189 Wn.2d 718, 728 n.3 (2017) ("[W]e note that a plaintiff

20 may bring an action to enjoin any CEMA violation.").

21      20.    It is a violation of the Consumer Protection Act (RCW 19.86, *et seq.*) to send or

22 conspire with another person to send an email that contains false or misleading information in

23 the subject line. RCW 19.190.030(1); *see also* RCW 19.190.030(2) (providing "that the

24 practices covered by this chapter are matters vitally affecting the public interest for the purpose

25 of applying the consumer protection act, chapter 19.86 RCW. The Legislature declared that a

26 violation of section 030 is not reasonable in relation to the development and preservation of

27

CLASS ACTION COMPLAINT FOR VIOLATION OF THE
CONSUMER PROTECTION ACT, RCW 19.86, AND THE
COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190 - 4

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

business and is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the consumer protection act, chapter 19.86 RCW.").

21.    Damages for a violation of the prohibition on sending an email with false or misleading information in the subject line are $500 or actual damages, whichever is greater. RCW 19.190.040.

22.    To establish a violation of Washington's Consumer Protection Act ("CPA"), a claimant must establish five elements: (1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) that affects the public interest, (4) injury to plaintiff's business or property, and (5) causation. *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784–85 (1986). Washington and federal courts have held that a plaintiff states a CPA claim solely by alleging a violation of CEMA. *See State v. Heckel*, 143 Wn.2d 824, 828 (2001) ("RCW 19.190.030 makes a violation of [CEMA] a per se violation of the Consumer Protection Act (PCA), chapter 19.86 RCW."). Indeed, by alleging a CEMA violation of RCW 19.190.020, a plaintiff alleges all five elements of a CPA violation. *Wright v. Lyft, Inc.*, 189 Wn.2d 718, 732 (2017) ("We conclude that RCW 19.190.040 establishes the injury and causation elements of a CPA claim as a matter of law.").

## V. BACKGROUND FACTS

### A.    BEIS' False Email Scheme

23.    On or around December 1, 2025, Defendant sent an email to Plaintiff and the Class that contained a false or misleading subject line purporting to be an email concerning a fraud alert, stating "Action required: Fraud alert" in the subject line of the email:

CLASS ACTION COMPLAINT FOR VIOLATION OF THE
CONSUMER PROTECTION ACT, RCW 19.86, AND THE
COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190 - 5

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992



24.     However, once a consumer, likely in a concerned state, clicked on the email, the body of the email revealed that this was not indeed a fraud alert, but instead a commercial marketing email:

[Image on Next Page]

CLASS ACTION COMPLAINT FOR VIOLATION OF THE
CONSUMER PROTECTION ACT, RCW 19.86, AND THE
COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190 - 6

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



26    25.    Almost immediately, consumers began to complain of the fraudulent email sent

27 by BEIS. There was substantial coverage of the fraudulent email featuring the frustrated

CLASS ACTION COMPLAINT FOR VIOLATION OF THE
CONSUMER PROTECTION ACT, RCW 19.86, AND THE
COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190 - 7

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

reactions of customers.[1] One publication cited a customer's reaction, stating ""I placed 4 orders this weekend. It made my heart sink when I woke up to it."[2]

26.    Defendant BEIS has initiated (or conspired to initiate) the transmission of uniform commercial electronic mail messages with false or misleading subject lines to Plaintiff and the Class, which Defendant sent as an email blast to consumers in Washington and nationwide. The emails were electronic messages in that they were each an electronic messages sent to an electronic mail address; the emails from Defendant also referred to an internet domain, whether or not displayed, to which an electronic mail message can or cold be sent or delivered.

27.    Defendant sent the emails for the purpose of promoting its goods for sale.

28.    The emails were sent by Defendant or at Defendant's direction and were approved by Defendant.

29.    Defendant designed the subject line of its marketing email to tap into consumers' fear of fraud and identity theft. As voiced by customers in the articles cited above, many were frustrated and outraged over the false email because of their fear of identity theft and fraud. This kind of fear caused consumers to click on the email in a state of panic—some even in the middle of the night—to find out if their personal information had been stolen or if they were the subject of fraudulent purchases on their accounts.

30.    The urgency created by Defendant's email subject line is false, and thus consumers are being coerced into opening emails that they would not have opened if the subject lines had been truthful.

---

[1] Annabel Burba, *Shay Mitchell's Luggage Brand May Have Broken the Law With Its Controversial Email to Customers*, Inc. (Dec. 8, 2025), https://www.inc.com/annabel-burba/shay-mitchells-luggage-brand-may-have-broken-the-law-with-its-controversial-email-to-customers/91275415.

[2] Kayla Aldecoa, *Shay Mitchell's Béis Called Out for 'Illegal' Cyber Monday Email Stunt*, PARADE (Dec. 2, 2025 11:21 AM EST), https://parade.com/news/shay-mitchells-beis-called-out-for-illegal-cyber-monday-email-stunt.

CLASS ACTION COMPLAINT FOR VIOLATION OF THE
CONSUMER PROTECTION ACT, RCW 19.86, AND THE
COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190 - 8

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

31.     Defendant violates CEMA because the statement in the email subject line is false and misleading. The false subject line directly contradicted the text and purpose of the email, which was actually a commercial marketing tactic intended to induce consumers to make purchase at a purported limited time discount.

32.     Plaintiff seeks an injunction. Plaintiff is permitted to seek an injunction because she has no adequate remedy at law. Legal remedies here are not adequate because they would not stop Defendant from continuing to transmit emails with false or misleading subject lines to Washington residents.

**B. BEIS Sends Commercial Emails to Consumers Who It Knows, or Has Reason to Know, Reside in Washington.**

33.     Defendant sent the false commercial emails to email addresses that Defendant knew, or had reason to know, belong to Washington residents, either because (i) Defendant had a physical Washington address that was associated with the recipient; (ii) Defendant had access to data regarding the recipient indicating that they were in Washington state; or (iii) information was available to Defendant upon request from the registrant of the internet domain name contained in the recipient's electronic mail address.

34.     Defendant knows where many of its email recipients reside.

35.     First, upon information and belief, for any person that places an order online from BEIS, Defendant associates an email address with a shipping address and/or billing address.

36.     Second, upon information and belief, Defendant employs methods to track the effectiveness of its marketing emails and to identify customers who click on the emails and the links within, including the location of those customers.

37.     Third, upon information and belief, Defendant utilizes cookies, pixels, and other online tracking technologies to identify and locate consumers that sign up for email advertisements on its website, purchase from its website, or click on links contained in Defendant's marketing emails.

CLASS ACTION COMPLAINT FOR VIOLATION OF THE
CONSUMER PROTECTION ACT, RCW 19.86, AND THE
COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190 - 9

38.     Fourth, upon information and belief, Defendant has to routinely collect and use customers' state of residence to calculate sales tax on consumers' purchases.

**C. Plaintiff Received Illegal Emails from Defendant**

39.     Plaintiff is a resident of Washington and resided in Washington state at all times relevant to this Complaint.

40.     Plaintiff receives emails from Defendant at a gmail.com email address.

41.     Defendant knows, or has reason to know, that Plaintiff's email address is held by a Washington resident. Plaintiff purchased a product from the BEIS website using her Washington address as recently as November 29, 2024.

42.     On December 1, 2025, Plaintiff received an email from Defendant that stated in the subject line "Action required: Fraud alert." See Plaintiff's email below:

[Image on Next Page]

CLASS ACTION COMPLAINT FOR VIOLATION OF THE
CONSUMER PROTECTION ACT, RCW 19.86, AND THE
COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190 - 10

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992





CLASS ACTION COMPLAINT FOR VIOLATION OF THE
CONSUMER PROTECTION ACT, RCW 19.86, AND THE
COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190 - 11

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

43.    Once Plaintiff clicked on the email she was able to see that it was not actually a "fraud alert", but instead a marketing email extending a sale, which stated "The fraud is us . . . sale now extended. 30% off everything continues for one more day – plus one more flash deal."

44.    Plaintiff was deceived by the email because she believed that Defendant had sent her a fraud alert email that required on action on her part to protect or verify her identity, account information, and payment information. This email abridged Plaintiff's right to be free from misleading commercial email messages provided by the Washington legislature.

45.    Defendant initiated the transmission or conspired to initiate the transmission of the commercial e-mail message to Plaintiff.

46.    This email was sent to Plaintiff for the purpose of promoting Defendant's goods for sale.

47.    Plaintiff never solicited emails with false or misleading subject lines from Defendant and does not want to receive these spam messages.

48.    The email subject line disguised the true subject of the email (e.g., that a purported sale was being made available) in an effort to trick Plaintiff into opening the email.

49.    Plaintiff would like to continue receiving truthful information from Defendant regarding its products. However, due to Defendant's conduct, Plaintiff cannot tell which emails from Plaintiff contain truthful information or which emails are spam with false and misleading information designed to cause her to open an email unnecessarily and make a purchase in a hurry.

50.    This is especially concerning here because Plaintiff and the Class can no longer trust that an actual email related to real fraudulent conduct on a consumer's account is truthful. This could potentially lead Plaintiff and Class members to ignore important emails from businesses that are trying to warn them about harmful fraudulent activity, under the mistaken belief that Defendant or other businesses are simply lying to market their products.

CLASS ACTION COMPLAINT FOR VIOLATION OF THE
CONSUMER PROTECTION ACT, RCW 19.86, AND THE
COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190 - 12

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

51.     Defendant may have sent additional fraudulent or misleading emails to customers related to limited time sales, last chance offers, sale extensions, and other emails with false or misleading subject lines. Defendant is aware of all the emails it has sent Plaintiff and Class members and discovery will show the full number of illegal spam emails Defendant has sent throughout the relevant time period.

## VI.  CLASS ALLEGATIONS

52.     Plaintiff brings this action individually and on behalf of all others similarly situated. The proposed class is defined as:

> The Class:

> All persons residing in the State of Washington who, during the applicable limitations period, received an email from or at the behest of BEIS, LLC that contained in the subject line: "Action required: Fraud alert."

53.     Excluded from the Class is Defendant, its subsidiaries and affiliates, officers, directors, the members of their immediate families, and any entity in which any Defendant has a controlling interest, to include the legal representatives, heirs, successors, or assigns of any such excluded party. Also excluded are the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

54.     Plaintiff reserves the right to modify or amend the definition of the proposed Class if necessary, before this Court determines whether certification is appropriate.

55.     This case is properly brought as a class action under Wash. R. Civ. P. 23(b)(2) and (b)(3) and all requirements are met for the reasons set forth in the following paragraphs.

56.     *Numerosity.* The members of the Class are so numerous that separate joinder of each member is impracticable. Upon information and belief, and subject to discovery, the Class consist of many thousands of members, the identity of whom are within the exclusive knowledge of Defendant and can be ascertained only by resorting to Defendant's records, discovery, and other third-party sources.

CLASS ACTION COMPLAINT FOR VIOLATION OF THE
CONSUMER PROTECTION ACT, RCW 19.86, AND THE
COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190 - 13

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

57.    *Commonality.* There are numerous questions of law and fact common to the Class relating to Defendant's business practices challenged herein, and those common questions predominate over any questions affecting only individual Class members. The common questions include, but are not limited to:

   o   Whether Defendant sent commercial emails with false or misleading information in the subject lines;

   o   Whether Defendant initiated the transmission or conspired to initiate the transmission of such commercial emails to recipients residing in Washington State in violation of RCW 19.190.020;

   o   Whether a violation of RCW 19.190.020 establishes all the elements of a claim under Washington's Consumer Protection Act, RCW 19.86 *et seq.*;

   o   Whether Defendant shall be ordered to pay statutory damages to Plaintiff and Class members;

   o   Whether Defendant should be enjoined from further engaging in the misconduct alleged herein;

   o   The nature and extent of Class-wide injury and damages.

58.    *Typicality.* Plaintiff's claims are typical of the claims of the other Class members in that they arise out of the same wrongful business practices engaged in by Defendant, as described herein.

59.    *Adequacy of Representation.* Plaintiff is an adequate representative of the Class because Plaintiff has sustained damage as a result of Defendant's uniform conduct. In addition:

   o   Plaintiff is committed to the vigorous prosecution of this action individually and on behalf of and all others similarly situated and have retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers;

CLASS ACTION COMPLAINT FOR VIOLATION OF THE
CONSUMER PROTECTION ACT, RCW 19.86, AND THE
COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190 - 14

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

o    There is no hostility of interest between Plaintiff and the unnamed Class members;

o    Plaintiff anticipates no difficulty in the management of this litigation as a class action; and

o    Plaintiff's legal counsel has the financial and legal resources to meet the substantial costs and legal work associated with this type of litigation.

60.    *Predominance.* The questions of law and fact common to the Class as set forth in the "commonality" allegation above predominate over any individual issues. As such, the "commonality" allegations are restated and incorporated herein by reference. Further, Defendant has a standard practice of initiating or conspiring to initiate commercial electronic messages to email addresses held by Washington State residents, which predominates over any individual issues in this case.

61.    *Superiority.* A class action is superior to other available methods and highly desirable for the fair and efficient adjudication of this controversy. Since the amount of each individual Class member's claim is small relative to the complexity of the litigation and since the financial resources of Defendant are significant, no Class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the Class members will continue to suffer damages and Defendant's misconduct will proceed without remedy. In addition, even if Class members themselves could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard that might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.

CLASS ACTION COMPLAINT FOR VIOLATION OF THE
CONSUMER PROTECTION ACT, RCW 19.86, AND THE
COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190 - 15

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ▪ FAX 206.682.2992

62.     All conditions precedent to bringing this action have been satisfied and/or waived.

## VII.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation of Washington's Commercial Electronic Mail Act ("CEMA")**
**(RCW 19.190 *et seq*.)**
**(On behalf of Plaintiff and the Class)**

63.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

64.     Plaintiff brings this action on behalf of herself and members of the Class.

65.     Defendant is a "person" within the meaning of CEMA, RCW 19.190.010(11).

66.     As alleged more fully above, Defendant violated CEMA by initiating the transmission of commercial electronic mail messages that contained false or misleading information in the subject line.

67.     Defendant sent these emails to Plaintiff and the Class members for the purpose of promoting its products for sale.

68.     Defendant knew or had reason to know it transmitted such emails to email addresses held by Washington residents, including Plaintiff.

69.     Defendant's email violated RCW 19.190.020(1)(b).

70.     Defendant's acts and omissions injured Plaintiff and the Class members.

71.     The CEMA creates an independent private right of action which can be asserted by a person who is the recipient of a commercial electronic mail message which contains false or misleading information in the subject line. RCW 19.190.030(1)(b).

72.     Further, the balance of equities favors the entry of permanent injunctive relief against Defendant. Plaintiff, the members of the Class, and the general public will be irreparably harmed absent the entry of a permanent injunction.

73.     Plaintiff and Class members are therefore entitled to injunctive relief in the form of an order enjoining further violations of RCW 19.190.020(1)(b).

CLASS ACTION COMPLAINT FOR VIOLATION OF THE
CONSUMER PROTECTION ACT, RCW 19.86, AND THE
COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190 - 16

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## SECOND CAUSE OF ACTION
### Per Se Violation of Washington's Consumer Protection Act ("CPA")
### RCW 19.86 *et seq*
### (On behalf of Plaintiff and the Class)

74.     Plaintiff hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

75.     Plaintiff brings this cause of action on behalf of herself and members of the Class.

76.     Plaintiff and Class members are "persons" within the meaning of the CPA, RCW 19.86.010(1).

77.     A violation of CEMA is a "per se" violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86.010, *et seq.* RCW 19.190.030(1).

78.     A violation of CEMA establishes all elements of the CPA as a matter of law.

79.     As alleged more fully above, Defendant's transmission of commercial electronic messages to Plaintiff and Class members that contained false or misleading information in the subject line also violates the CPA because it constitutes unfair or deceptive practices that occur in trade or commerce. *See* RCW 19.190.030(3).

### *Unfair Acts or Practices*

80.     As alleged in detail above, Defendant committed "unfair" acts by falsely stating in email subject lines "Action required: Fraud alert," even when there was no fraud, but instead Defendant was only advertising the extension of a purported discount.

81.     The harm to Plaintiff and the Class greatly outweighs the public utility of Defendant's conduct. There is no public utility to misrepresenting a marketing email as an alert about fraudulent conduct that could harm a consumer. Plaintiff and the Class's injury was not outweighed by any countervailing benefits to consumers or competition. Misleading consumers only injures healthy competition and harms consumers.

CLASS ACTION COMPLAINT FOR VIOLATION OF THE
CONSUMER PROTECTION ACT, RCW 19.86, AND THE
COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190 - 17

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Deceptive Acts or Practices*

82.    As alleged in detail above, Defendant's representation in email subject lines that the email concerned a "Fraud alert" was deceptive. In reality there was no fraud alert, only a marketing email advertising the extension of a purported discount.

83.    Defendant's representations were likely to deceive, and did deceive, Plaintiff and other reasonable recipients. Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

84.    Defendant's unfair or deceptive acts or practices vitally affect the public interest and thus impact the public interest for purposes of applying the CPA. RCW 19.190.030(3); RCW 19.190.100.

85.    Under the CPA, "[p]rivate rights of action may . . . be maintained for recovery of actual damages, costs, and a reasonable attorneys' fee. A private plaintiff may be eligible for treble damages," and "may obtain injunctive relief, even if the injunction would not directly affect the individual's own rights." Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act—Introduction (internal citations omitted); RCW 19.86.090. Plaintiff and the Class seek actual damages, treble damages, costs and reasonable attorneys' fees.

86.    Pursuant to RCW 19.19.040(1), damages to each recipient of a commercial electronic mail message sent in violation of CEMA are the greater of $500 for each message or actual damages, whichever is greater. This establishes the injury and causation elements of a CPA claim as a matter of law.

87.    Additionally, Plaintiff and Class members seek treble damages, which are permitted under the CPA, including for CEMA violations. Plaintiff seeks treble damages to further Plaintiff's and Class members' financial rehabilitation, encourage citizens to bring CPA actions, deter Defendant and other persons from committing CEMA violations, and punish Defendant for false and misleading email practices.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL  206.682.5600 • FAX 206.682.2992

88.     Plaintiff and Class members are also entitled to, and seek, injunctive relief prohibiting further violations of the CPA.

## VIII.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff and members of the Class, respectfully request that the Court:

a.  Certify this case as a class action, designating Plaintiff as class representatives and designating the undersigned as Class Counsel;

b.  Declaring that Defendant's conduct violates the statutes set forth above;

c.  Award Plaintiff and the Class actual damages in an amount according to proof;

d.  Award Plaintiff and the Class restitution in an amount to be proven at trial;

e.  Award Plaintiff and the Class pre-judgment interest in the amount permitted by law;

f.  Award Plaintiff and their attorneys' fees and costs as permitted by law;

g.  Declare Defendant's practices outlined herein to be unlawful;

h.  Grant equitable and/or injunctive relief, including to enjoin Defendant from engaging in the practices outlined herein;

i.  Grant Plaintiff and the Class a trial by jury;

j.  Grant leave to amend these pleadings to conform to evidence produced at trial; and

k.  Grant such other relief as the Court deems just and proper, including all forms of relief provided for under Washington law.

CLASS ACTION COMPLAINT FOR VIOLATION OF THE
CONSUMER PROTECTION ACT, RCW 19.86, AND THE
COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190 - 19

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1

2

DATED this 20th day of January, 2026.

3

4

                    TOUSLEY BRAIN STEPHENS PLLC

5

6

By: /s/ Cecily C. Jordan
Kim D. Stephens, P.S., WSBA #11984
Cecily C. Jordan, WSBA #50061
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Tel: (206) 682-5600
Fax: (206) 682-2992
kstephens@tousley.com
cjordan@tousley.com

7

8

9

10

JENNINGS & EARLEY PLLC
Christopher D. Jennings*
Tyler B. Ewigleben*
Winston S. Hudson*
500 President Clinton Avenue, Suite 110
Little Rock, Arkansas 72201
Tel: (601) 270-0197
chris@jefirm.com
tyler@jefirm.com
winston@jefirm.com

11

12

13

14

15

16

* *Pro Hac Vice* application to be submitted

17

18

*Attorneys for Plaintiff and Proposed Class*

19

20

21

22

23

24

25

26

27

CLASS ACTION COMPLAINT FOR VIOLATION OF THE
CONSUMER PROTECTION ACT, RCW 19.86, AND THE
COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190 - 20

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101